```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

| | | |
|---|---|---|
| JOHN HELTON, JR., | : | NO. 1:13-CV-00427 |
|     Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
|     Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 17), to which Plaintiff has filed an Objection (doc. 18), and to which Defendant filed a Response (doc. 19).  For the reasons indicated herein, the Court adopts and affirms the Magistrate Judge's Report and Recommendation, and thus dismisses this matter from the docket.

**I.  Background**

Plaintiff filed an application for disability insurance benefits ("DIB") on March 5, 2010, alleging a disability onset date of January 15, 2009, due to a herniated disk, a bad back, and high blood pressure (doc. 17).  Defendant denied such claims initially and upon reconsideration (Id.).  Plaintiff subsequently requested a hearing before an ALJ, which he obtained, and at which he was represented by counsel (Id.).  The ALJ denied Plaintiff's application, following which Plaintiff requested review by the

Appeals Council (Id.). The Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final determination of the Commissioner (Id.).

The ALJ's decision issued on November 9, 2011, although Plaintiff's counsel did not receive a copy until November 16, 2011 (Id.). In the interim before receiving the adverse decision, Plaintiff's counsel filed with the court records from Dr. Haines regarding Plaintiff's condition, including treatment records and an MRI report conducted four days after the hearing (doc. 19).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for nine reasons (Id.). He contends: 1) the ALJ improperly assessed Plaintiff's credibility by failing to consider Plaintiff's good work history, 2) the ALJ erred by failing to fully develop the case record; specifically the ALJ denied Plaintiff's request to either subpoena medical records or leave the record open for 30 days following the hearing to allow Plaintiff's counsel an opportunity to obtain and submit records, 3) the ALJ failed to address treatment records completed by Leonard Haines, M.D., which constitute new and material evidence; 4) the ALJ erred by failing to find that Plaintiff met Medical-Vocational Guidelines Rule 202.02 based on Dr. Haines' RFC assessment, 5) the ALJ erred by failing to address Dr. Haines' opinion, which constitutes new and material evidence, and to apply the treating physician rule to the opinion, 6) the ALJ erred by failing to

2

consider the evidence as a whole; specifically by failing to consider the opinion of treating physician Dr. Haines, without articulating a reasoned basis for declining to give the opinion controlling weight; 7) the ALJ erroneously failed to denote Plaintiff's chronic pain as a severe impairment, despite Plaintiff's testimony of disabling pain; 8) the ALJ erred at step five of the sequential evaluation process by finding that Plaintiff could do a full range of medium work but that he could not do his past work as a truck driver, and the ALJ further failed to obtain VE testimony to identify the types and number of jobs Plaintiff could perform; and 9) the ALJ erred by failing to obtain VE testimony concerning whether there would be a significant number of jobs in the economy Plaintiff could perform if Dr. Haines' opinion that Plaintiff would miss two days of work per month was credited (doc. 17).

In response the Commissioner contends the ALJ did not err when he elected to close the record at the ALJ hearing and to decline Plaintiff's request to subpoena records (Id.). The Commissioner asserts that Plaintiff is now before the Court seeking what is, in essence a Sentence Six remand for consideration of "new and material evidence" (Id.). The Commissioner argues that such request should be denied because the criteria for such remand are not met (Id.). The Commissioner further argues that Plaintiff's fourth, fifth, sixth and ninth assignments of error should be

3

denied as moot because they are premised on the opinion of Dr. Haines, which was not before the ALJ, and therefore not part of the record which the Court may consider on review of the ALJ's decision (Id.).

**II. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation the Magistrate Judge reviewed the applicable standard of review, the relevant evidence, and the ALJ's decision (doc. 17). Having done so, the Magistrate Judge concluded the ALJ did not err by denying Plaintiff's request for a subpoena and closing the record (Id.). The Magistrate Judge found that Plaintiff's subpoena request did not comply with Social Security regulations, as it was not in writing and not made in advance of the hearing (Id). Moreover, the Magistrate Judge found Plaintiff's counsel offered no explanation at the hearing why a subpoena was necessary to obtain the records (Id.). As for closing the record, the Magistrate Judge found the ALJ violated no duty in so doing, as Plaintiff was represented by counsel, and did not meet the burden to furnish evidence in support of his claim (Id.). As such, the Magistrate Judge found Plaintiff's second assignment of error should be overruled (Id.).

The Magistrate Judge next found the ALJ did not err by failing to consider evidence submitted following his decision (Id.). The Magistrate Judge noted its substantial-evidence review of the ALJ's decision cannot consider new evidence submitted after

4

a decision is rendered, citing Forest v. Halter, 279 F.3d 348, 357 (6th Cir. 2001), but can only review such evidence to see whether a Sentence Six remand is appropriate (Id.). As such, the Magistrate Judge found no error on the part of the ALJ for failing to consider evidence that was not before him (Id.). Accordingly the Magistrate Judge found Plaintiff's fifth, sixth, and ninth assignments of error should be overruled (Id.).

Next, the Magistrate Judge considered whether a Sentence Six remand was warranted, and decided in the negative (Id.). The Magistrate Judge found the evidence proffered by Plaintiff does not qualify as "new" pursuant to Section 405(g) because it all existed prior to the ALJ's decision on November 9, 2001 (Id.). The Magistrate Judge further found Plaintiff failed to carry the burden that the evidence is material (Id.). The Magistrate Judge found Dr. Haines' assessment and the treatment records based largely on Plaintiff's subjective complaints of pain, and lacking supporting test results or clinical findings (Id.). The Magistrate Judge found the ALJ reasonably found Plaintiff's complaints of pain as not credible based on the medical opinions in the record, and in any event, the proffered treatment records indicate that the pain was reasonably well-controlled (Id.). As such, the Magistrate Judge concluded Plaintiff failed to show the ALJ would have reached a different decision had he considered Dr. Haines' chronic pain asssessment, the Pain Center treatment notes, and the October

cervical MRI results (Id.).  Finally, the Magistrate Judge found Plaintiff has not shown good cause for failing to submit the evidence before the hearing or the issuance of the ALJ's decision (Id.).  For all these reasons, the Magistrate Judge found no Sentence Six remand warranted, and indicated Plaintiff's third assignment of error should be overruled (Id.).

Next, the Magistrate Judge found the ALJ did not err in assessing Plaintiff's credibility (doc. 17).  She concluded the ALJ's credibility finding is entitled to deference because he made valid findings in connection with his determination that Plaintiff retained the RFC to perform the full range of medium work (Id.). She found the ALJ reasonably discounted Plaintiff's credibility on the basis that he represented to SSA and Dr. Bailey that he was not seeing a doctor and was taking no medications, or only Percocet, with his testimony that he had been travelling to a pain clinic in Florida monthly since 2008 where he was prescribed Oxycodone and Xanax (Id.).  Moreover reports of activities made by Plaintiff and his wife further threw Plaintiff's credibility into question (Id.). Although he reported not being able to sit long, the record shows he drove to Florida with his uncle, and that he had been out fishing, despite his report to the contrary (Id.).  As such, the Magistrate Judge found the ALJ's reasons for discounting Plaintiff's complaints valid, and that Plaintiff's first and seventh assignments of error should be overruled (Id.).

Finally, the Magistrate Judge found the ALJ did not err at Steps Four and Five of the Sequential Evaluation (Id.). The Magistrate Judge found there was no inconsistency between the ALJ's finding the Plaintiff could not perform his past work as a truck driver and his finding that Plaintiff could perform a range of medium work, because Plaintiff's former job was at a heavy exertion level (Id.). Because only exertional levels were at issue, and the ALJ determined Plaintiff could perform a full range of medium work, the ALJ could properly rely directly on the Grid without eliciting any VE testimony (Id.). Accordingly, the Magistrate Judge found Plaintiff's fourth and eighth assignments of error should be overruled (Id.).

Having reviewed each of Plaintiff's asserted assignments of error, the Magistrate Judge concluded each one should be overruled (Id.). She recommended therefore that the Court affirm the decision of the Commissioner denying benefits, and close this matter on the Court's docket (Id.).

**III. Discussion**

Plaintiff premises his Objection on the argument that the ALJ erred by failing to keep the record open to wait for the submission of the treating records, Dr. Haines' opinion, and the MRI (doc. 18). Plaintiff contends the MRI was completed after the hearing and therefore is new evidence; the evidence of pain as reflected in the records is "material," thus justifying a remand

7

(Id.). Moreover, contends Plaintiff, Dr. Haines' opinion was that of a treating physician, and thus should materially outweigh the competing opinions of the record (Id.). Plaintiff therefore requests a remand for consideration of this evidence (Id.).

Defendant responds that the additional evidence is not new or material and therefore does not qualify Plaintiff for a remand (doc. 19). Defendant contends the MRI can not qualify as "new" as it was available at the time of the hearing (Id. citing Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001)(additional evidence is new if it was not available to the claimant at the time of the administrative proceeding)). Defendant contends the evidence is not material, as nothing supplemented the evidence, and Dr. Haine's opinion was based on subjective complaints (Id.). Finally, Defendant contends Plaintiff simply did not establish good cause for failing to submit the evidence earlier (Id.).

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's non-disability determination supported by substantial evidence, and finds no basis for a Sentence Six remand.

The Court agrees the proffered evidence is neither new nor material within the meaning of the regulations, such that it is unable to remand this matter for further proceedings. The Court comes to such conclusion with regret, as it is unfortunate that

8

Plaintiff did not have the proffered evidence before the ALJ at the appropriate time. And although the Court would wish the ALJ would have held the record open, he certainly was not required to do so, as he even noted the case had been pending a long time. The ALJ's ultimate decision denying benefits was based on substantial evidence that Plaintiff does not qualify as disabled within the meaning of the regulations.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 17), and AFFIRMS the decision of the Commissioner denying benefits. This case is CLOSED on the Court's docket.

SO ORDERED.

DATED: September 30, 2014          s/S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge